## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **NEWMAN LASIK SPECIALIST, LTD.,** | § | |
| a New Mexico Corporation, | § | |
| | § | |
|    and | § | **Cause No.**_____ |
| | § | |
| **NEWMAN LASIK SPECIALISTS, LLC,** | § | |
| a New Mexico Limited Liability Company, | § | |
| ------------------------------------------------------ | § | |
| | § | |
| **Leonard A. NEWMAN, M.D.** | § | |
|     Applicant | | |

## APPLICATION FOR JUDICIAL DISSOLUTION
## AND APPOINTMENT OF RECIEVER

COMES NOW, Leonard A. Newman, M.D. and his attorneys of record, Rammelkamp Muehlenweg & Cordova, in support of his application for judicial dissolution of Newman Lasik Specialist, Ltd. pursuant to the New Mexico Business Corporation Act, NMSA §§ 53-16-1 *et seq*., judicial dissolution of Newman Lasik Specialists, LLC, pursuant to the New Mexico Limited Liability Company Act NMSA § 53-19-40, and for appointment of Carl Alongi as receiver pursuant to the New Mexico Receivership Act, NMSA §§ 44-8-1 *et seq*. to facilitate the dissolution process for both entities, and states as follows:

<u>PARTIES, FACTS COMMON TO ALL COUNTS, JURISDICTION AND VENUE</u>

1.  Leonard A. Newman, M.D. (hereinafter Dr. Newman) is a resident of Sacramento, California.

2.  Dr. Newman is the largest shareholder in Newman Lasik Specialist, Ltd., a for-profit New Mexico Corporation (the "Corporation"), registered with the Internal Revenue Service as a Subchapter S entity.

3.  Dr. Newman has a derivative interest in Newman Lasik Specialists, LLC, a New Mexico limited liability company (the "LLC"), as the Corporation is the sole member of the LLC.

4.  The Corporation and the LLC are related entities to whom Dr. Newman lent his name and likeness to for purposes of forwarding the interests of intertwined business operations focused upon directly and indirectly providing services associated with various refractive surgery procedures performed by Dr. Newman.

5.  Dr. Newman will no longer provide refractive surgery services for the benefit of patients who contracted with the LLC, and it is no longer reasonably practicable for the limited liability company to carry on its business.

6.  Dr. Newman is not a Director or Officer in the Corporation, was never in control of the entity and has never actively participated in the day-to-day administrative affairs and/or operations of that entity.

7.  The shareholders of the Corporation have voted and resolved to consent to Dr. Newman's application for appointment of a Receiver and the judicial dissolution of both the Corporation and the LLC in this proceeding.

8. Dr. Newman is not a member of the LLC, was never in control of the entity and has never actively participated in the day-to-day administrative affairs and/or operations of that entity.

9. The Corporation, as the sole member of the LLC, has directed that the limited liability company shall stipulate to Dr. Newman's application for judicial dissolution pursuant to NMSA § 53-19-40.

10. Apart from his standing as a shareholder in the Corporation and derivative interest in the LLC, Dr. Newman is without the control to direct the affairs of the entities or direct their legal dissolution.

11. Albuquerque, New Mexico is the principle place of business for Newman Lasik Specialist, Ltd., and Newman Lasik Specialists, LLC.

12. The Corporation and the LLC, are named defendants in litigation pending in the New Mexico's Second Judicial District Court, and this proceeding is intended, among other things, to ensure proper resolution of any contingent liabilities associated with that litigation.

13. The Corporation and the LLC, may have continuing contractual obligations to provide follow-up care and additional refractive surgery services to patients who have had procedures performed within the last twelve (12) months.

14. This Court has diversity jurisdiction over this proceeding pursuant to 28 U.S.C. § 1441 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this Court.

<u>Count I</u>
<u>JUDICIAL DISSOLUTION OF NEWMAN LASIK SPECIALIST, LTD.</u>

16. The facts set forth above in paragraphs 1 through 15 are hereby incorporated by reference as if fully set forth in this Count.

17. Apart from his standing as a shareholder in the Corporation, Dr. Newman is without the control to direct the affairs of the entity and effect its legal dissolution.

18. Dr. Newman will not provide surgical services in association with the operations of either the Corporation or the LLC in the future.  Given this operational change, neither of the related entities can continue their respective business operations.  The officers and directors of the Corporation have resolved to consent to Dr. Newman's application.

19. The Corporation is the sole member of the LLC, and the Corporation has resolved to consent to Dr. Newman's application for dissolution of the LLC in this proceeding.

20. The two entities are named defendants in litigation pending in the New Mexico's Second Judicial District Court, and this proceeding is intended to ensure proper resolution of any contingent liabilities associated with that litigation.

<u>Count II</u>
<u>JUDICIAL DISSOLUTION OF NEWMAN LASIK SPECIALISTS, LLC</u>

21. The facts set forth above in paragraphs 1 through 20 are hereby incorporated by reference as if fully set forth in this Count.

22. The LLC is a limited liability company organized under the laws of New Mexico.

23. The LLC directly and indirectly provided refractive surgery services to patients in New Mexico.

24. Dr. Newman was the surgeon who provided the refractive surgery services for the benefit of patients who contracted with the LLC.

25. Dr. Newman will no longer provide refractive surgery services for the benefit of patients who contracted with the LLC, thus, it is no longer reasonably practicable for the limited liability company to carry on its business.

26. The Corporation, as the sole member of the LLC, has directed that the limited liability company be dissolved via consent to Dr. Newman's application for judicial dissolution.

27. As a shareholder in the Corporation, the sole member of the LLC, Dr. Newman has a derivative interest in the LLC, and has standing to seek judicial supervision of the dissolution of that entity based on the impracticability of pursuant to NMSA § 53-19-40.

28. The shareholders of the Corporation, the sole member of the LLC, have consented to the dissolution of the LL pursuant to NMSA § 53-19-39(A)(2), and seek judicial dissolution pursuant to NMSA § 53-19-40.

<u>Count III</u>
APPLICATION FOR APPOINTMENT OF RECEIVER
FOR NEWMAN LASIK SPECIALIST, LTD. AND NEWMAN LASIK SPECIALISTS, LLC

29. The facts set forth above in paragraphs 1 through 28 are hereby incorporated by reference as if fully set forth in this Count.

30. Given the pending litigation and contingent contractual liabilities, the appointment of a Receiver is necessary and appropriate to ensure all that all assets are collected, secured, and accounted for, while also determining that debts, liabilities and obligations of the corporation have been paid and discharged, and that adequate provision has been made with respect to the

preservation of evidence required for the defense of pending litigation, and appropriate provision has been made for resolution of any contingent contractual liabilities that may exist, and that all of the remaining property and assets of the corporation are properly distributed to its shareholders.

31. Applicant respectfully requests that this Court appoint Carl Alongi of REDW, LLC as Receiver of the Corporation and the LLC, and direct that the Receiver's reasonable fees be paid by the Corporation.

32. On behalf of both the Corporation, and the LLC, the Directors and Shareholders of the Corporation have resolved to consent to Dr. Newman's requested appointment of Carl Alongi as Receiver.

33. Counsel for the Corporation and the LLC have stipulated to a proposed form of Order appointing Carl Alongi as the Receiver.

34. The proposed Receiver has reviewed the proposed form of Order and consents to the judicial appointment pursuant to the terms of that Order.

WHEREFORE, as Dr. Newman has properly come before the Court to seek judicial dissolution and appointment of a Receiver to undertake the lawful liquidation and winding up of Newman Lasik Specialist, Ltd., and Newman Lasik Specialists, LLC, the Court shall appoint Carl Alongi as Receiver in a separate Order, accept the Receiver's reports and recommendations, and grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**RAMMELKAMP MUEHLENWEG & CORDOVA**


**By:___ /s/Lara White Davis_____**
**Robert J. Muehlenweg**
**Lara White Davis**
**Attorneys for Applicant Leonard A. Newman, M.D.**
**316 Osuna Road NE Unit 201**
**Albuquerque, New Mexico  87107**
**(505) 247-8860**
**(505) 247-8881 (facsimile)**

Application for Judicial Dissolution and Appointment of Receiver