IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN RE: | § |
| | § |
| NEWMAN LASIK SPECIALIST, LTD., | § |
| a New Mexico Corporation, | § |
| | § |
| and | § Cause No.: <u>11-CV-0051 LAM/ACT</u> |
| | § |
| NEWMAN LASIK SPECIALISTS, LLC, | § |
| a New Mexico Limited Liability Company, | § |
| ------------------------------------------------- | § |
| | § |
| Leonard A. NEWMAN, M.D. | § |
|    Applicant | |

## STIPULATED ORDER FOR APPOINTMENT OF RECIEVER

THIS MATTER comes before the Court on the Application for Judicial Dissolution and Appointment of Receiver ("Application"). The Court, having reviewed the Application and being fully advised in the premises, FINDS:

    A. The Applicant, Leonard A. Newman, M.D. has obtained consent from Newman Lasik Specialist, Ltd. (the "Corporation") and Newman Lasik Specialists, LLC (the "LLC") for this Court's appointment of Carl Alongi of REDW, as receiver for the Corporation and the LLC.

    B. For the reasons described in the Application, a receiver is necessary and appropriate in order to complete the judicially supervised dissolution of the Corporation, and the LLC.

C. The individual whom the parties have proposed as receiver, Carl Alongi, CPA, of REDW, is qualified to fulfill the Receiver's duties.

**IT IS THEREFORE ORDERED THAT:**

1. Carl Alongi is appointed to serve as Receiver pursuant to the New Mexico Receivership Act, NMSA §§ 44-8-1 *et seq.*

2. The Receiver is appointed for the purpose of facilitating the judicial dissolution of the Corporation and the LLC, in order to gather the entities' assets, determine the entities' liabilities, make provision for any contingent liabilities, and oversee the liquidation of the entities' assets by executing such agreements, deeds, bills of sale, assignments and other conveyancing documents as are necessary and appropriate to properly wind down and dissolve the entities.

3. While the Receiver is generally empowered to take action and execute documents as provided for in the New Mexico Receivership Act, NMSA §§ 44-8-1 *et seq.* and paragraph 1 above, the Receiver is specifically directed to complete the following:

> i. Gather the records and documents used in originating, incorporating, and governing the entities, including the Articles of Incorporation, By-Laws, Shareholders Agreements, Operating Agreements, Resolutions and Minutes.
>
> ii. Gather the entities' books, ledgers, banking records, financial statements, and commercial agreements, including equipment leases, service contracts, patient contracts, real property leases and any other outstanding contracts to which either of the entities is a party.

    iii. Gather, inventory, and research the present market value of the entities' assets.

    iv. Evaluate the entities' short term and long terms liabilities, including but not limited to: accounts payable to outside vendors, notes and other liabilities payable to lenders and shareholders, exposures associated with pending litigation, and contingent contractual liabilities associated with agreements to provide ongoing care and treatment to refractive surgery patients.

    v. Gather patient records and arrange for future patient communications, document storage, and document retrieval as required by all applicable health care regulations.

    vi. Gather and sequester evidence necessary for the defense of pending litigation involving the entities.

    vii. Negotiate commercially reasonable transactions for the liquidation of the entities' assets, payment of the entities' current liabilities, and make provision for appropriate resolution of contingent liabilities.

    viii. Issue a report to the Court outlining the activities undertaken to wind down the two entities and otherwise advise the Court as necessary to complete the judicially supervised dissolution of the Corporation and the LLC.

**4.** The Receiver shall be paid his normal hourly fee of $ 295.00, but to the extent substantively and economically appropriate, the Receiver will delegate and supervise work performed by qualified staff who will bill at lower hourly rates. Fee

invoices will include plus New Mexico gross receipts taxes, for the hours actually spent in acting in the capacity as Receiver and shall be paid by the Corporation and the LLC as appropriate.

5.  The Receiver's appointment shall automatically terminate effective June 1, 2011 or upon the earlier stipulation of all the parties, unless his appointment shall be continued by further order of the Court.

By the Court:

*Lourdes Martinez*

United States Magistrate Judge
Presiding by Consent

**APPROVED AND SUBMITTED BY:** *(Prior to modification by the Court)*

RAMMELKAMP, MUEHLENWEG & CORDOVA, P. A.
Attorneys at Law

By: __/s/_____
    Robert J. Muehlenweg
    Lara White Davis
    Sun Valley Commercial Center
    316 Osuna NE, Unit 201
    Albuquerque NM 87107
    505-247-8860
    *Attorneys for Applicant, Leonard A. Newman, M.D.*

TIMOTHY M. PADILLA & ASSOCIATES

By: __/s/_____
    Timothy M. Padilla, Esq.
    1412 Lomas Blvd NW
    Albuquerque, NM 87104-1236
    (505) 842-0392
    *Counsel for Newman Lasik Specialist, Ltd., and Newman Lasik Specialists, LLC*